[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11059
Non-Argument Calendar
_____

Agency No. A075-559-213

NAZMUL MAKSUD MURAD,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 13, 2014)

Before HULL, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Nazmul Maksud Murad, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal of the Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). The IJ and the BIA found that Murad's asylum application was untimely and that even if it were timely, Murad failed to establish eligibility for asylum. The IJ and the BIA also found that Murad was not entitled to withholding of removal under the Immigration and Nationality Act (INA) § 241(b)(3), 8 U.S.C. § 1231(b)(3), or under CAT.

On appeal, Murad argues that the BIA erred in affirming the denial of his application for asylum, but he does not address the IJ's and the BIA's findings that his application was time-barred. He also fails to address the denial of his claim for withholding of removal under the INA, arguing only that he is entitled to withholding or deferral of removal under CAT because he established that it is more likely than not that he would be tortured if removed to Bangladesh.

When the BIA issues a decision, we review only that decision except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, the BIA expressly adopted the IJ's decision and briefly articulated its reasons for doing so. Thus, we review the

2

decisions of both the IJ and the BIA, and after careful consideration, we dismiss in part and deny in part Murad's petition for review.

## I. Asylum

We review our subject matter jurisdiction de novo.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).  Pursuant to 8 U.S.C. § 1158(a)(2)(B), an asylum application must be filed within one year after the date of the alien's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005).  An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  8 U.S.C. § 1158(a)(2)(D); Chacon-Botero, 427 F.3d at 956.

"The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General, and '[n]o court shall have jurisdiction to review any determination of the Attorney General' regarding timeliness of the asylum application."  Chacon-Botero, 427 F.3d at 956 (quoting 8 U.S.C. § 1158(a)(3)); see also Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (stating that 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing").

Here, although the BIA discussed various grounds for affirming the IJ's denial of Murad's application for asylum, it expressly adopted and affirmed the IJ's finding that Murad's asylum application was untimely and therefore time-barred, having been filed over a decade after Murad's arrival in the United States. Because we lack jurisdiction to review the decision as to the timeliness of Murad's asylum application, and because the untimeliness of the application provides an independent and sufficient ground for the IJ's and the BIA's denial of the application, we dismiss Murad's petition for review as to this issue.

## II. Withholding of Removal Under the INA

As to Murad's claim for withholding of removal under the INA, we note that Murad has not raised any argument regarding the denial of that claim in his briefs on appeal. We therefore find that he has abandoned the issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when an appellant fails to offer argument on an issue, that issue is abandoned).

An appellant adequately raises an issue on appeal when he specifically and clearly identifies the issue in his opening brief and plainly and prominently indicates that he is raising the issue for review, such as by dedicating a discrete section of his argument to that issue. Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir.), cert. denied, ___ U.S. ____, 134 S. Ct. 158 (2013). Here, Murad only mentioned the denial of his claim for withholding of removal under the INA in his

4

Statement of the Case, and he failed to even address the issue in his argument, much less dedicate a discrete section of his argument to the issue.  Moreover, he challenged the IJ's and the BIA's factual findings only in the context of his claims for asylum and CAT relief.  Murad has therefore abandoned the issue of the denial of withholding of removal under the INA.  See id. ("If the party mentions the issue only in his Statement of the Case but does not elaborate further in the Argument section, the party has abandoned that issue.").

### III. CAT Relief

As to Murad's claim for withholding or deferral of removal under CAT, the BIA expressly adopted the IJ's finding that Murad failed to establish eligibility for CAT protection.  We agree.

We review legal determinations de novo, Cole, 712 F.3d at 523, but we review factual findings, including credibility determinations, under the highly deferential substantial evidence test.  Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1323 (11th Cir. 2010).

> Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. . . . In sum, findings of fact made by administrative agencies, such as the BIA, may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

To be eligible for CAT relief, an applicant must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal.  8 C.F.R. § 1208.16(c)(2); Cole, 712 F.3d at 532.  For purposes of CAT:

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1).  Furthermore, "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture" and "does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions."  8 C.F.R. § 1208.18(a)(2)-(3).

Here, substantial evidence in the record supports the IJ's finding that Murad failed to meet his burden of establishing that it is more likely than not that he would be tortured by or with the consent or acquiescence of Bangladesh public officials if removed.  The IJ found that Murad did not demonstrate that he would be persecuted, much less tortured, upon removal to Bangladesh and that in any event he offered no conclusive evidence that any mistreatment he might receive would rise to the level of severe pain or suffering.  In addition, the IJ found that

6

various aspects of Murad's testimony regarding prior isolated instances of physical abuse at the hands of the police was incredible and uncorroborated.  Moreover, the IJ noted that any pain or suffering Murad might endure as a result of his arrest and prosecution for his alleged involvement in the 1989 assassination attempt on the current prime minister would not constitute torture under CAT, as such treatment would be incidental to lawful sanctions.  We cannot say that the record compels reversal of these findings, and we therefore agree that Murad failed to meet his burden of establishing that he would more likely than not be tortured at the hands of or with the acquiescence of public officials upon removal to Bangladesh. Accordingly, we deny Murad's petition as to his claim for CAT relief.

Upon review of the record on appeal and after careful consideration of the parties' briefs, we dismiss Murad's petition in part and deny his petition in part.

PETITION DISMISSED IN PART, DENIED IN PART.